■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: From the facts in the record it appears that when the plea was taken to a reduced charge, the court represented that the maximum penalty that could be imposed for that charge was four years. Thereafter, upon receiving a copy of defendant's prior record showing numerous prior convictions, it gave notice to defendant pursuant to CPL 400.20 that a hearing would be held to determine whether he should be found to be a persistent felony offender, and if so found, whether the facts in defendant's background and prior criminal conduct, of which he was apprised, required that he be subjected to extended incarceration and lifetime supervision. The allegations of defendant's prior criminal convictions were uncontroverted by defendant and no claim was made of any constitutional deprivation in connection with any prior conviction. Having been put on notice by the court of the possibility of

his being found to be a persistent felony offender and subject to extended incarceration and lifetime supervision, defendant acknowledged that he was subject to an extended sentence and made no effort to vacate or withdraw his plea. Under such circumstances it is clear that when defendant appeared for sentence he was not relying on the representation made by the court when his plea was taken as to the maximum sentence that could be imposed by the court (see *People v Caputo,* 36 NY2d 653). (Appeal from judgment of Erie Supreme Court convicting defendant of criminal possession of a dangerous drug, fifth degree.) Present—Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.